# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

BLAKE LIVELY,

                Plaintiff,

v.

WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, and JENNIFER ABEL,

                Defendants.

Civ. Action No. 1:24-cv-10049-LJL
(Consolidated for pretrial purposes with 1:25-cv-00449-LJL)
rel. 1:25-cv-00779-LJL

------------------------------------------------------------------ x

JENNIFER ABEL,

                Third-Party Plaintiff,

v.

JONESWORKS LLC,

                Third-Party Defendant.

------------------------------------------------------------------ x

WAYFARER STUDIOS LLC,
JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,

                Plaintiffs,

v.

BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY,

                Defendants.

------------------------------------------------------------------ x

1

431164.1

**OBJECTIONS OF NON-PARTY SOURCED INTELLIGENCE, LLC TO BLAKE LIVELY'S SUBPOENA**

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), non-party Sourced Intelligence, LLC ("Sourced Intelligence" or "Responding Party"), by and through its undersigned counsel, hereby objects to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") propounded by Plaintiff Blake Lively ("Lively" or "Propounding Party") in the above-captioned action (the "Action").

**I.**

**PRELIMINARY STATEMENT**

The following objections are based on Sourced Intelligence's present knowledge and understanding. These responses were prepared based on Sourced Intelligence's good faith interpretation and understanding of the individual document request ("Request"). No response herein should be construed as an admission or concession that the requested documents do in fact exist.

**II.**

**GENERAL OBJECTIONS**

Sourced Intelligence makes the following General Objections to the Subpoena and each Request, which apply to and are incorporated by reference into each specific response and objection below as if fully repeated therein. The assertion of the same, similar, or additional objections or the provision of partial responses to each individual Request does not waive or modify any of Sourced Intelligence's General Objections.

1. Sourced Intelligence objects to the Subpoena in its entirety on the grounds that it fails to comply with Federal Rule of Civil Procedure 45(d)(1), which states that "[a] party or an attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid

imposing undue burden or expense on a person subject to the subpoena." The disruption and expense to Sourced Intelligence, a non-party to the Action, required to respond to the Subpoena is unreasonable and unduly burdensome to the extent that it seeks the burdensome and unnecessary collection and production of emails and other electronic communications including, but not limited to, personal conversation, correspondence, facsimile, telephone calls, electronic mail, text messages, and other electronic messaging. Sourced Intelligence further objects to the Subpoena to the extent that it requires Sourced Intelligence to search for and produce documents that are not centrally maintained by July 3, 2025, at 5:00 pm (PDT). Given the breadth of Lively's overbroad requests, it is unreasonable to produce such documents by the specified date. Sourced Intelligence expressly reserves the right to shift all costs and expenses that it incurs in complying with the Subpoena to Lively. Fed. R. Civ. P. 45(d)(l).

2. Sourced Intelligence objects to requiring a non-party to produce documents prior to the completion of party production. Sourced Intelligence further objects to the Subpoena to the extent that it requires Sourced Intelligence to provide documents that may be discovered in the course of party production. Sourced Intelligence further objects that requiring a non-party to absorb the expense to produce documents prior to the pleadings being settled is also unreasonable.

3. Sourced Intelligence objects to the Subpoena to the extent it seeks information that is neither relevant to the claims or defenses of any party in the Action, nor proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

4. Sourced Intelligence objects to the Subpoena to the extent it calls for the production of documents that would require anything beyond conducting a good faith, reasonable search of relevant custodians' documents using reasonable search terms.

5. Sourced Intelligence objects to the Subpoena to the extent it seeks to impose requirements that are in addition to, different from, or broader than those set forth in, required or permitted by the Federal Rules of Civil Procedure (the "Federal Rules"), the Local Civil Rules of the United States District Court for the Southern District of New York (the "Local Rules"), or the Orders of this Court governing the proper scope, timing, and extent of discovery in this case. Sourced Intelligence will construe and respond to the Subpoena in accordance with the requirements of the Federal Rules, the Local Rules, and any other applicable rule or law.

6. Sourced Intelligence objects to the Subpoena, including its Definitions and Instructions, to the extent that they are vague, ambiguous, overbroad, and/or unduly burdensome, including to the extent they seek "all" Documents and Communications concerning the subject matters referenced therein.

7. Sourced Intelligence objects to the Subpoena to the extent that it seeks production of any documents that are already in Lively's or another parties' possession, custody, or control, that are publicly available, or that are available to Lively from another source more convenient, less burdensome, or less expensive than from Sourced Intelligence.

8. Sourced Intelligence objects to the Subpoena on the grounds that it seeks documents or purports to impose a duty on Sourced Intelligence to secure and produce documents that are not within Sourced Intelligence's possession, custody, or control.

9. Sourced Intelligence objects to the Subpoena to the extent that it seeks documents containing confidential, sensitive, commercial, or proprietary business information, other non-public business-related information, and/or information protected by United States data privacy and/or confidentiality laws, including laws preventing her own privacy. Sourced Intelligence further objects to the Subpoena to the extent that it seeks documents, the disclosure of which would

4

constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

10. Sourced Intelligence objects to the Subpoena to the extent it seeks documents or information that is protected from disclosure by the attorney-client privilege, spousal privilege, the attorney work product doctrine, or any other privilege, protection, or immunity. Any production by Sourced Intelligence, inadvertent or otherwise, of information protected from disclosure by any such privilege, protection or immunity shall not constitute or be deemed to constitute a waiver by Sourced Intelligence of such protections.

11. Sourced Intelligence objects to the Subpoena to the extent it calls for the production of documents or information of any third party. Any information of third parties shall only be provided to the extent permitted by state and federal law, and to the extent the provision of such information would not breach a contractual obligation.

12. Sourced Intelligence objects to each and every Request to the extent it is harassing, oppressive, duplicative, vague, ambiguous, overbroad, unduly burdensome or would require unreasonable investigation by Sourced Intelligence to respond, including to the extent the Request seeks "all documents" and "all communications" about broad categories of information.

13. Sourced Intelligence objects to Propounding Party's definition of "Content Creator" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes "any individual or entity who seeds, generates, creates, or influences Social Media content or provides related digital services."

14. Sourced Intelligence objects to Lively's definition of the term "Digital Campaign," as it is vague, ambiguous, and overbroad in that it includes all "efforts … to communicate

information regarding" a laundry list of subjects/topics. The definition is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, vague, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.").

15. Sourced Intelligence objects to Propounding Party's definition of "IEWU LLC" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only It Ends With Us Movie LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "IEWU LLC" to mean It Ends With Us Movie LLC.

16. Sourced Intelligence objects to Lively's definition of "Lively/Reynolds Companies" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Ms. Lively and Mr. Reynolds's affiliated entities (Betty Buzz LLC, Blake Brown, Aviation

6

Gin, Mint Mobile, and Maximum Effort Productions), but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Sourced Intelligence will construe the term "Lively/Reynolds Companies" to mean Betty Buzz LLC, Blake Brown, Aviation Gin, Mint Mobile, and Maximum Effort Productions.

17. Sourced Intelligence objects to Lively's definition of the term "Social Media," on the grounds that it is vague, ambiguous, and overbroad in that it includes "any digital platform, forum, website, application, online service, or other platform," none of which is properly and narrowly defined and the production of which would be unnecessarily burdensome and not proportional to the needs of the case or relevant to the claim or defense of any party, and further objects to "on which persons can create, transmit, share, communicate, exchange content, or comment upon any information, ideas, or opinions" as similarly overbroad, vague, and ambiguous, and essentially includes every possible use of the internet. Sourced Intelligence also objects to "social networking" as it is vague, ambiguous, and overbroad, and objects to catch-all phrases such as "similar to" and "Any Other Online Presence," the definition of which is itself overbroad, vague, and ambiguous, overly burdensome and not proportional to the needs of the case or relevant to the claim or defense of any party.

18. Sourced Intelligence objects to Propounding Party's definition of "Street Relations" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Street Relations, Inc., but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding

7

431164.1

Party will construe the term "Street Relations" to mean Street Relations, Inc.

19. Sourced Intelligence objects to Propounding Party's definition of "TAG" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only The Agency Group PR LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "TAG" to mean The Agency Group PR LLC.

20. Sourced Intelligence objects to Lively's definition of "Wayfarer" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Wayfarer Studios LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Sourced Intelligence will construe the term "Wayfarer" to mean Wayfarer Studios LLC.

21. Sourced Intelligence objects to Lively's definition of "You," "Your," and "Yours" on the grounds that (although not used in the requests) it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Sourced Intelligence but also unidentified persons or entities acting or purporting to act on her behalf and anyone on whose behalf it is acting, regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Sourced Intelligence will construe the terms "You," "Your," and "Yours" to mean Sourced Intelligence.

431164.1

**III.**

**OBJECTIONS TO INSTRUCTIONS**

Responding Party objects to Paragraph 1 of Propounding Party's Instructions on the grounds that it instructs Responding Party to "make a diligent search and produce all responsive Documents that are (i) in Your possession, custody, or control, or (ii) in the possession, custody, or control of any of Your agents, employees, attorneys, accountants, or other representatives or anyone acting on Your behalf, or under Your direction or control, or (iii) otherwise available to You." Responding Party objects to this instruction to the extent that it requires Responding Party to produce information or documents protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege and/or any other applicable privilege or immunity. Responding Party further objects to this instruction to the extent that it requires Responding Party to produce duplicative or cumulative information. Responding Party will only produce information that is in its possession, custody, or control, as required under the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Courts for the Southern District of New York and the Central District of California, or by any other applicable law or protocol governing discovery obligations in this action.

**IV.**

**RESPONSES AND OBJECTIONS TO DOCUMENTS TO BE PRODUCED**

**REQUEST FOR PRODUCTION NO 1:**

All Documents and Communications with any Wayfarer Defendant, their counsel, or anyone on their behalf concerning Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Film, the Digital Campaign, any Wayfarer Defendant, or the Consolidated Action.

9

431164.1

**RESPONSE TO REQUEST FOR PRODUCTION NO 1:**

Sourced Intelligence objects to this Request on the grounds that it (1) seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, (2) is overbroad as there is no limitation on the time period requested, the subject matter is not sufficiently particularized, and the Request is overbroad as to the definition of "Digital Campaign"; (3) seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine; (4) is unduly burdensome and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO 2:**

All Documents and Communications concerning Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Film, the Digital Campaign, any Wayfarer Defendant, or the Consolidated Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO 2:**

Sourced Intelligence objects to this Request on the grounds that it (1) seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, (2) is overbroad as there is no limitation on the time period requested, the subject matter is not sufficiently particularized, and the Request is overbroad as to the definition of "Digital Campaign,"; (3) seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine; (4) is unduly burdensome and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO 3:**

All Documents and Communications with or concerning any current or former TAG employee concerning Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Film, the Digital Campaign, any Wayfarer Defendant, or the Consolidated Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO 3:**

Sourced Intelligence objects to this Request on the grounds that it (1) seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, (2) is overbroad as there is no limitation on the time period requested, the subject matter is not sufficiently particularized, and the Request is overbroad as to the definition of "Digital Campaign"; (3) seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine; (4) is unduly burdensome and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO 4:**

All Documents and Communications concerning Payments that You have made, received or promised that relate to Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Film, the Digital Campaign, any Wayfarer Defendant, or the Consolidated Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO 4:**

Sourced Intelligence objects to this Request on the grounds that it (1) seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, (2) is overbroad as there is no limitation on the time period requested, the subject matter is not sufficiently particularized, and the Request is overbroad as to the definitions of "You" and "Digital Campaign"; (3) seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine; (4) is unduly burdensome and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO 5:**

All Documents and Communications concerning any work, services, activities, methods, strategy, approach, technology, tools, capabilities, or similar used, or contemplated, by You or

your agents, contractors, or employees related to Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Film, the Digital Campaign, any Wayfarer Defendant, or the Consolidated Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO 5:**

Sourced Intelligence objects to this Request on the grounds that it (1) seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, (2) is overbroad as there is no limitation on the time period requested, the subject matter is not sufficiently particularized, and the Request is overbroad as to the definitions of "You" and "Digital Campaign"; (3) seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine; (4) is unduly burdensome and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO 6:**

All Documents and Communications between You and any Wayfarer Defendant or their counsel concerning efforts to seed, influence, encourage, create, purchase, manipulate, boost, amplify, facilitate or engage with Social Media related to Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Film, the Digital Campaign, or the Consolidated Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO 6:**

Sourced Intelligence objects to this Request on the grounds that it (1) seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, (2) is overbroad as there is no limitation on the time period requested, the subject matter is not sufficiently particularized, and the Request is overbroad as to the definitions of "You" and "Digital Campaign"; (3) seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine; (4) is unduly burdensome and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO 7:**

Documents sufficient to show who You communicated with, including via ephemeral messaging, concerning Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Wayfarer Defendants, the Film, the Digital Campaign, or the Consolidated Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO 7:**

Sourced Intelligence objects to this Request on the grounds that it (1) seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, (2) is overbroad as there is no limitation on the time period requested, the subject matter is not sufficiently particularized, and the Request is overbroad as to the definitions of "You" and "Digital Campaign"; (3) seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine; (4) is unduly burdensome and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO 8:**

All Documents and Communications sufficient to show all Persons who performed any work, services, or activities concerning Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Film, the Digital Campaign, or the Consolidated Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO 8:**

Sourced Intelligence objects to this Request on the grounds that it (1) seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, (2) is overbroad as there is no limitation on the time period requested, the subject matter is not sufficiently particularized, and the Request is overbroad as to the definitions of "You" and "Digital Campaign"; (3) seeks information protected from disclosure by the attorney-client privilege and/or

13

attorney work product doctrine; (4) is unduly burdensome and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO 9:**

All draft and final Agreements, including contracts, retainer Agreements, engagement letters, and promises otherwise memorialized, effective at any point from July 1, 2024 through present, between or involving You and any Wayfarer Defendant or their counsel, concerning Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Film, the Digital Campaign, any Wayfarer Defendant, or the Consolidated Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO 9:**

Sourced Intelligence objects to this Request on the grounds that it (1) seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, (2) is overbroad as there is no limitation on the time period requested, the subject matter is not sufficiently particularized, and the Request is overbroad as to the definitions of "You" and "Digital Campaign"; (3) seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine; (4) is unduly burdensome and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO 10:**

All draft and final Agreements, between or involving You and any Wayfarer Defendant or their counsel, including contracts, retainer Agreements, engagement letters, and promises otherwise memorialized, concerning Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Film, the Digital Campaign, the Consolidated Action, or any Wayfarer Defendant.

14

431164.1

**RESPONSE TO REQUEST FOR PRODUCTION NO 10:**

Sourced Intelligence objects to this Request on the grounds that it (1) seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, (2) is overbroad as there is no limitation on the time period requested, the subject matter is not sufficiently particularized, and the Request is overbroad as to the definitions of "You" and "Digital Campaign"; (3) seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine; (4) is unduly burdensome and not proportional to the needs of the case.

Dated:  June 27, 2025
Los Angeles, CA

**LINER FREEDMAN TAITELMAN + COOLEY LLP**

By: _____
Bryan J. Freedman (*pro hac vice*)
Ellyn S. Garofalo (*pro hac vice*)
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
egarofalo@lftcllp.com

*Attorneys for Source Intelligence, LLC*

15

431164.1

## CERTIFICATE OF SERVICE

I, Rose Khatchikian, do hereby certify that I am not less than 18 years of age and that on this 27th day of June, 2025 I caused a copy of the within **RESPONSES AND OBJECTIONS OF NON-PARTY SOURCED INTELLIGENCE, LLC TO BLAKE LIVELY'S SUBPOENA** to be served upon the following counsel for the parties via email:

## SEE ATTACHED SERVICE LIST

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: June 27, 2025
Los Angeles, CA

Rose Khatchikian

431164.1

## SERVICE LIST
*Blake Lively v. Wayfarer Studios, et al.*
Case No. 1:24-cv-10049-LJL

**MANATT, PHELPS & PHILLIPS, LLP**　　　　　　*Attorneys for Plaintiff*
Esra Hudson, Esq.
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Tel: 310-312-4381
Email: ehudson@manatt.com

Stephanie Anne Roeser
One Embarcadero Center, 30th Floor
San Francisco, CA 94111
Tel: 415-291-7543
Email: sroeser@manatt.com

Matthew F. Bruno
7 Times Sq
New York, NY 10036
Tel: 212-790-4500
Email: mbruno@manatt.com

**WILKIE FARR & GALLAGHER LLP**　　　　　　*Attorneys for Plaintiff*
Aaron E. Nathan, Esq.
787 7th Avenue
New York, NY 10019
Tel: 212-778-8000
Email: anathan@wilkie.com

Michael Gottlieb
Kristin Bender
Meryl Conant Governski
1875 K. Street, N.W.
Suite 100
Washington, DC 20006-1238
Tel: 202-303-1000
Email: mgottlieb@willkie.com
　　　　 kbender@willkie.com
　　　　 mgovernski@willkie.com

17

| | |
|---|---|
| **HAYNES AND BOONE, LLP**<br>Laura Lee Prather<br>Michael Lambert<br>98 San Jacinto Boulevard<br>Suite 1500<br>Austin, TX 78701<br>Tel: 512-867-8400<br>Fax: 512-867-8470<br>Email: laura.prather@haynesboone.com<br>         Michael.lambert@haynesboone.com | *Attorneys for Plaintiff* |
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Danielle Lazarus<br>51 Madison Avenue<br>22nd Floor<br>New York, NY 10010<br>Tel: 212-849-7464<br>Email: daniellelazarus@quinnemanuel.com<br><br>Kristin Tahler<br>865 S. Figueroa Street<br>Ste 10th Floor<br>Los Angeles, CA 90017<br>Tel: 213-443-3615<br>Email: kristintahler@quinnemanuel.com<br><br>Maaren Alia Shah<br>295 5th Avenue<br>New York, NY 10016<br>Tel: 212-849-7452<br>Email: maarenchoksi@quinnemanuel.com<br><br>Nicholas Inns<br>1300 I St NW<br>Suite 900<br>Washington, DC 20005<br>Tel: 202-774-6147<br>Email: nicholasinns@quinnemanuel.com | *Attorneys for Third Party Defendant Jonesworks LLC* |

428321.1

| | |
|---|---|
| **JACKSON WALKER L.L.P** <br> Charles L. Babcock, IV <br> Joel Glover <br> 1401 Mckinney Street, Suite 1900 <br> Houston, TX 77010 <br> Tel: 713-752-4226 <br> Fax: 713-752-4560 <br> Email: cbabcock@jw.com <br>       jglover@jw.com | *Attorneys for Defendants Jed Wallace and Street Relations, Inc.* |
| **AHOURAIAN LAW** <br> Mitra Ahouraian <br> 2029 Century Park East <br> Ste 4th Floor <br> Los Angeles, CA 90067 <br> 310-867-2777 <br> Email: mitra@ahouraianlaw.com | *Co-Counsel for Defendants Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, It Ends With Us Movie LLC, Steve Sarowitz* |
| **MEISTER SEELIG & FEIN PLLC** <br> Stacey Michelle Ashby <br> Mitchell Schuster <br> Amit Shertzer <br> Kevin A. Fritz <br> 125 Park Avenue, 7th Floor <br> New York, NY 10017 <br> Tel: 212-655-3500 <br> Fax: 212-655-3535 <br> Email: ms@msf-law.com <br>       as@msf-law.com <br>       kaf@msf-law.com <br>       sma@msf-law.com | *Co-Counsel for Defendants Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, It Ends With Us Movie LLC, Steve Sarowitz, Melissa Nathan, Agency Group PR LLC, and Defendant / Third Party Plaintiff Jennifer Abel* |

428321.1