# EXHIBIT E

**LINER FREEDMAN TAITELMAN + COOLEY, LLP**
ATTORNEYS AT LAW

**1801 CENTURY PARK WEST, 5th FL**
**LOS ANGELES, CALIFORNIA 90067**
TEL: (310) 201-0005
FAX: (310) 201-0045
E-MAIL: egarofalo@lftcllp.com

ELLYN S. GAROFALO

June 27, 2025

<u>Via Email</u>

Michael J. Gottlieb
Kristin E. Bender
Willkie Farr & Gallagher LLP
1875 K. Street NW
Washington, DC 20006
Email: MGottlieb@willkie.com
        KBender@willkie.com

   Re: *Blake Lively, et al. v. Wayfarer Studios LLC, et al.* (S.D.N.Y. Civil Action No. 1:24-cv-10049)

Dear Michael and Kristin:

  Pursuant to Federal Rules of Civil Procedure 37 and 45 and Central District of California Local Rules 37-1 and 45, Liner Freedman Taitelman + Cooley LLP ("LFTC") hereby requests a telephonic conference of counsel within ten days of delivery of this letter regarding Blake Lively's ("Lively") subpoena served on Sourced Intelligence, LLC on June 13, 2025.[1]

  The subpoena seeks information protected by the attorney-client privilege and work product doctrine. Sourced Intelligence is a licensed private investigation firm engaged by Liner Freedman Taitelman + Cooley LLP in late December 2024 to provide investigative services on behalf of Wayfarer Studios, LLC and Justin Baldoni in connection with the Wayfarer/Lively

---

[1] Where a party to the action claims privilege, it has standing to claim relief under Fed. R. Civ. P. 45(b). *California Sportsfishing Prot. All. V. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014).

432345.1

Michael J. Gottlieb
Kristen Bender
Re: *Blake Lively v. Wayfarer Studios LLC*
June 27, 2025
Page 2

Litigation.[2] Based on its investigation requested and directed by LFTC, Sourced Intelligence provided several investigative background reports concerning certain individuals and companies. The work performed by Source Intelligence relates to legal advice LFTC provided to its clients Wayfarer Studios and Mr. Baldoni and was also prepared in anticipation of litigation.

Lively seeks the following documents from Source Intelligence:

**REQUEST FOR PRODUCTION NO 1:** All Documents and Communications with any Wayfarer Defendant, their counsel, or anyone on their behalf concerning Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Film, the Digital Campaign, any Wayfarer Defendant, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO 2**: All Documents and Communications concerning Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Film, the Digital Campaign, any Wayfarer Defendant, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO 3:** All Documents and Communications with or concerning any current or former TAG employee concerning Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Film, the Digital Campaign, any Wayfarer Defendant, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO 4:** All Documents and Communications concerning Payments that You have made, received or promised that relate to Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Film, the Digital Campaign, any Wayfarer Defendant, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO 5:** All Documents and Communications concerning any work, services, activities, methods, strategy, approach, technology, tools, capabilities, or similar used, or contemplated, by You or your agents, contractors, or employees related to Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Film, the Digital Campaign, any Wayfarer Defendant, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO 6:** All Documents and Communications between You and any Wayfarer Defendant or their counsel concerning efforts to seed, influence, encourage, create, purchase, manipulate, boost, amplify, facilitate or engage with Social Media related to

---

[2] The "Wayfarer/Lively Litigation" includes the administrative complaint filed by Blake Lively with the California Civil Rights Department on December 20, 2024; *Blake Lively v. Wayfarer Studios LLC, et al.* (S.D.N.Y. Civil Action No. 1:24-cv-10049); and *Wayfarer Studios, LLC et al. v. Blake Lively, et al* (S.D.N.Y. Civil Action No. 1:25-cv-00449).

Michael J. Gottlieb
Kristen Bender
Re: *Blake Lively v. Wayfarer Studios LLC*
June 27, 2025
Page 3

Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Film, the Digital Campaign, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO 7:** Documents sufficient to show who You communicated with, including via ephemeral messaging, concerning Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Wayfarer Defendants, the Film, the Digital Campaign, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO 8:** All Documents and Communications sufficient to show all Persons who performed any work, services, or activities concerning Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Film, the Digital Campaign, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO 9:** All draft and final Agreements, including contracts, retainer Agreements, engagement letters, and promises otherwise memorialized, effective at any point from July 1, 2024 through present, between or involving You and any Wayfarer Defendant or their counsel, concerning Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Film, the Digital Campaign, any Wayfarer Defendant, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO 10:** All draft and final Agreements, between or involving You and any Wayfarer Defendant or their counsel, including contracts, retainer Agreements, engagement letters, and promises otherwise memorialized, concerning Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Film, the Digital Campaign, the Consolidated Action, or any Wayfarer Defendant.

Preliminarily, there are no documents responsive to Requests, 6, 9 and 10. That is, there are no documents "concerning efforts to seed, influence, encourage, create, purchase, manipulate, boost, amplify, facilitate or engage with Social Media related to Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Film, the Digital Campaign, or the Consolidated Action," as Sourced Intelligence did not perform this type of work. Further, there is no written engagement letter regarding LFTC's retention of Sourced Intelligence in connection with the with the Wayfarer/Lively Litigation. As for the remaining subpoena requests, the responsive documents fall within three categories: (1) Sourced Intelligence's reports prepared based on the investigation requested and directed by LFTC; (2) emails/texts between LFTC and Sourced Intelligence regarding work to be performed at the direction of counsel, invoices, and reports; and (3) Sourced Intelligence's invoices to LFTC.

The subpoena encompasses every aspect of Sourced Intelligence's investigation, which was conducted at the request and direction of LFTC in connection with the Wayfarer/Lively Litigation and the results of the investigation, which were used by LFTC to provide legal advice to Wayfarer Studios and Mr. Baldoni. These documents are protected from discovery by the attorney-client privilege and the work product doctrine as discussed below.

Michael J. Gottlieb
Kristen Bender
Re: *Blake Lively v. Wayfarer Studios LLC*
June 27, 2025
Page 4

      First, LFTC's communications with Sourced Intelligence and the private investigation reports were for the purpose of LFTC's providing legal advice to Mr. Baldoni and Wayfarer are protected by the attorney-client privilege. "Communications pertaining to legal advice between a lawyer and a private investigator retained by that lawyer to assist in the lawyer's representation of a potential client or client are covered by the attorney-client privilege." *Nat.-Immunogenics Corp. v. Newport Trial Grp.*, 2017 WL 10562991, at *4 (C.D. Cal. Sept. 18, 2017) (*citing United States v. Christensen*, 828 F.3d 763, 802-03 (9th Cir. 2016)); *Cal. Earthquake Auth. v. Metro. W. Sec., LLC*, 285 F.R.D. 585, 595 (E.D. Cal. 2012) ("[T]he privilege also protects communications involving agents of the attorney, the client, or both in furtherance of the attorney-client relationship."); *Dabney v. Investment Corp. of Amer.*, 82 F.R.D. 464, 465 (E.D. Pa. 1979) (attorney-client privilege applies to paralegal, investigator or other person acting as agent of qualified attorney). Privileged information and materials are "absolutely protected from disclosure" without any balancing or weighing of factors. *In re ZF-TRW MDL*, 2024 WL 4184064, at *1 (C.D. Cal. Aug. 9, 2024).

      Second, the documents sought by the subpoena are also protected from disclosure by the work product doctrine. Federal Rule of Civil Procedure 26(b)(3) provides work product protection for material prepared by a party's representative which includes their attorney, investigator, or agent. Fed. R. Civ. P. 26(b)(3)(A) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party of its representatives (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent); *United States v. Nobles*, 422 U.S. 225, 238-39 (1975) (the attorney work product "doctrine is an intensely practical one, grounded in the realities of litigation in our adversary system. One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself."); *O'Connor v. Boeing No. Amer., Inc.*, 216 F.R.D. 640, 643-44 (C.D. Cal. 2003) (notes prepared by attorney's investigator are protected under work product doctrine); *In re Grand Jury Subpoena*, 357 F.3d 900, 907 (9th Cir. 2003) (work product doctrine applies to documents obtained by investigators working for attorneys); *Cal. Earthquake Auth.*, 285 F.R.D. at 589 ("The work product doctrine applies to investigators or agents working for attorneys provided that the documents were created in anticipation of litigation, provided the documents were created in anticipation of litigation"); *In re Aetna Inc. Litig.*, 2020 WL 2770192, at *1 (C.D. Cal. Mar. 6, 2020) (holding the "conduct and communications of non-attorney employees, agents and investigators undertaken at direction of counsel are work-product protected"); *Costabile v. Westchester, New York*, 254 F.R.D. 160, 164 (S.D.N.Y. 2008) (private investigator's report prepared on behalf of employee's former counsel in anticipation of litigation as subject to work product protection); *Chevron Corp. v. Donziger*, 2013 WL 3294820, at *1 (S.D.N.Y. June 28, 2013) (work product doctrine "extends to work prepared by a private investigator in anticipation of litigation, at least where the investigator is working at the direction of an attorney.").

432345.1

Michael J. Gottlieb
Kristen Bender
Re:  *Blake Lively v. Wayfarer Studios LLC*
June 27, 2025
Page 5

  Requiring production of the investigative reports and communications regarding them with counsel would defeat the underlying purpose of the work product doctrine, which is "to discourage counsel for one side from taking advantage of the trial preparation undertaken by opposing counsel, and to encourage both sides to conduct thorough and independent investigations." *Newport Pac., Inc. v. County of San Diego,* 200 F.R.D. 628, 632 (S.D. Cal. 2001) (citation omitted).  As one court aptly noted, "the opponent shouldn't be allowed to take a free ride on the other party's research, or get the inside dope on that party's strategy." *Matteson v. Baxter Healthcare Corp.,* 438 F.3d 763, 767-68 (7th Cir. 2006).[3]

  Finally, LFTC does not believe a privilege log is appropriate here.  Rule 26 does not require the logging of documents withheld for privilege, especially where doing so could reveal the strategy of counsel or other protected information.  LFTC has provided Lively all the information necessary to evaluate the privilege claim.  Rule 26 requires that LFTC "describe the nature of the documents, communications, or tangible things not produced or disclosed" in a "manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  See F.R.C.P. 26(b)(5)(a).  A privilege log is simply one way to enable a party to assess the claim of privilege.  *See Hully Enters. v. Baker Botts LLP*, 286 F. Supp. 3d 1, 7 (D.D.C. 2017) ("[W]hen a discovery request demands production of an attorney's records in connection with representation of a client, invocation of the protections of the attorney-client privilege and work-product doctrine may be effective without requiring a detailed privilege log.  Otherwise, any objection to the scope of a discovery demand would be rendered moot because interposing that objection would trigger the very burdensome obligation to prepare a privilege log that the objection would be intended to avoid.").  Providing a log in this case would reveal the identity of the individuals and entities LFTC chose to have investigated, which in itself would reveal the privilege.

  In any event all the documents responsive to the subpoena are dated post commencement of the litigation.  "Courts in this circuit routinely deny a motion to compel a privilege log of attorney-client communications or work product dated after commencement of litigation." *In re Snap Inc. Sec. Litig.*, 2018 WL 7501294, at *1 (C.D. Cal. Nov. 29, 2018).

---

[3] There are two kinds of work product – opinion work product and ordinary work product.  The documents sought here are opinion work product as they include counsel's mental impressions, conclusions or legal theories.  *O'Connor v. Boeing North American, Inc.*, 216 F.R.D. 640, 642-43 (C.D. Cal. 2003).  Opinion work product enjoys almost absolute immunity and can be discovered "only in rare and extraordinary circumstances."  *Id.* (citation and quotation marks omitted).  Even if some of the documents are ordinary work product, Lively cannot establish a substantial need for the materials and that she could not obtain the substantial equivalent of the materials by other means.  *Id.*

Michael J. Gottlieb
Kristen Bender
Re: *Blake Lively v. Wayfarer Studios LLC*
June 27, 2025
Page 6

      Please let us know which dates in the next 10 days you are available to meet and confer pursuant to Central District of California Local Rule 37.

                                                          Sincerely,

                                                           Ellyn S. Garofalo

432345.1